# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL WAGNER,
    Plaintiff

  vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-784
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the

Equal Access to Justice Act (EAJA) (Doc. 18), to which the Commissioner has not responded.

The EAJA provides for an award of attorney fees to a party who prevails in a civil action

against the United States "when the position taken by the Government is not substantially

justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of

Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA

provides:

> A court shall award to a prevailing party other than the United States fees and other
> expenses, in addition to any costs awarded pursuant to subsection (a), incurred by
> that party in any civil action (other than cases sounding in tort), including
> proceedings for judicial review of agency action, brought by or against the United
> States in any court having jurisdiction of that action, unless the court finds that the
> position of the United States was substantially justified or that special circumstances
> make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Court reversed the non-disability finding

of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings

pursuant to Sentence Four of 42 U.S.C. § 405(g).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004).

The Commissioner has not opposed plaintiff's EAJA application and, therefore, has not met his burden of proving substantial justification. In addition, the ALJ erred in evaluating the testimony of the medical expert who testified at the hearing by substituting the ALJ's own "medical opinion" in violation of established Sixth Circuit law. The ALJ also erred by failing to weigh the other medical opinion evidence in accordance with 20 C.F.R. § 416.927(d)(3) and by failing to properly assess plaintiff's credibility. (*See* Docs. 15, 16). The Commissioner's litigation position was thus not substantially justified. Accordingly, EAJA fees should be awarded to plaintiff's counsel for her work conducted before this Court (*i.e.*, the work in securing the reversal and remand).

After careful review of the record, and in the absence of opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here, and that the hourly rate of $170.00 and the 14.5 hours expended that are claimed by counsel are reasonable.

2

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing
> market rates for the kind and quality of the services furnished, except
> that . . . attorney fees shall not be awarded in excess of $125 per hour
> unless the court determines than an increase in the cost of living or a
> special factor, such as the limited availability of qualified attorneys
> for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of costs of $350.00 and fees in the amount of $2,465.00.
Plaintiff's request for fees is based on an hourly attorney fee of $170.00, which represents the
$125.00 hourly rate set by the EAJA statute adjusted for inflation based on the cost of living
increases since enactment of the EAJA. (Doc. 18 at 6).

In determining the hourly rate for an attorney fee award, the Court must first consider the
prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28
U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates*
for the kind and quality of the services furnished . . . .") (emphasis added). *See also Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984) (in determining reasonableness of attorney fees court
must consider whether requested rates are in line with those prevailing in community for similar
services by lawyers of reasonably comparable skill, experience and reputation).

In *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009), the Sixth Circuit
upheld the district court's refusal to award a cost-of-living increase to the statutory EAJA rate of
$125.00. The Court of Appeals reiterated that the burden of justifying an increase in the statutory
hourly rate rests with the EAJA plaintiff. *Id.* at 450 (citing *Blum,* 465 U.S. at 898). The district
court in *Bryant* indicated that the plaintiff's burden to establish the prevailing market rate may be

3

met through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and that the district court may take "judicial notice of the historical fee reimbursement rate in the district." *Turner v. Astrue*, No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom., Bryant*, 578 F.3d 443 (citing *London v. Hatter*, 134 F. Supp.2d 940, 941-942 (E.D. Tenn. 2001)). The district court determined that an increase in the statutory hourly rate was not justified in the two cases before it because the plaintiffs' counsel had failed to provide proof that the reasonable and customary attorney fee for comparable work in the relevant geographical area exceeded $125.00 per hour. The Court of Appeals found no abuse of discretion by the district court in limiting the hourly rate to the $125.00 statutory rate where the plaintiffs' attorney submitted only the Department of Labor's Consumer Price Index to support the request for an increase in the statutory hourly rate based on inflation. *Bryant,* 578 F.3d at 450.

In light of *Bryant*, this Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See, e.g., Ayers v. Astrue*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct. 18, 2011) (Report and Recommendation) (Bowman, M.J.), *adopted*, 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon v. Comm'r of Soc. Sec.*, No. 1:08-cv-510, 2009 WL 5194385, at *4-5 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (awarding $170.00 per hour in EAJA fees). In each of these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates

4

nationally and in Cincinnati establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers*, No. 1:10-cv-30, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $213 for downtown Cincinnati law firms). The undersigned notes that more recently a 2010 Ohio State Bar Association Survey of attorney fee rates shows a mean hourly rate of $231 per hour for Greater Cincinnati, $251 per hour for downtown Cincinnati, and $209 per hour for suburban Cincinnati. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at http:// www.ohiobar.org/General% 20Resources/pub/2010_Economics_of_Law_Practice_ Study.pdf). The Court is permitted to consider evidence of legal fees charged in the same geographic area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner*, No. 06–450, 2008 WL 2950063, at *1.

In this case, the hourly rate requested by counsel is in keeping with the prevailing market rate for the Southwestern Ohio geographic area. In light of the cases in the Southern District of Ohio cited above, as well as the survey from the Ohio State Bar Association, the undersigned takes judicial notice that the prevailing market rate in the local Cincinnati and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $170.00 per hour (the amount requested by counsel). In addition, the evidence submitted by counsel in the instant case (Doc. 18, Exhs. A-D) confirms that the prevailing market rate in the relevant community is at least $170.00 per hour.

Plaintiff also seeks an increase in the $125.00 statutory rate based on a cost of living

5

adjustment. *See Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992) (increase based on cost of living is within discretion of district court). The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Judges in this district have applied the Consumer Price Index for either Services or All Items in calculating the appropriate cost of living increase. *See Adkins v. Comm'r of Soc. Sec.*, No. 1:07cv073, 2011 WL 2020647, at *2 (S.D. Ohio May 24, 2011) (Barrett J.) (recognizing discrepancy among decisions, citing cases, and determining that the appropriate index is that found in the "All Items" category). Plaintiff seeks attorney fees for work performed in 2010 and 2011. Plaintiff has requested an hourly fee of $170.00 for work done in both years. As the hourly rate proposed by plaintiff is lower than the rate adjusted by the Consumer Price Indices for the relevant time periods ($171.43 for 2010 and $176.49 for 2011) and the Commissioner has not objected to this rate, the Court finds that plaintiff's requested rate is appropriate.

Accordingly, the Court finds such a fee is reasonable and should be awarded under the EAJA. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti–Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe

6

to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** \$2,465.00 in attorney fees and \$350.00 in costs for a total award of \$2,815.00.

Date: 4/10/2012

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL WAGNER,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-784
Dlott, J.
Litkovitz, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).