UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL WAGNER,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-784
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

    This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 21). The Commissioner has not filed any opposition to plaintiff's motion.

    Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

    In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for

the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

2

Here, the fee of $11,202.50 requested by plaintiff falls within the 25 percent boundary thus the issue is whether the requested fee is reasonable.[1] *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given his attorney's background and experience, the contingency fee agreement, and counsel's success in achieving a favorable result on remand before the Commissioner. (Doc. 21 at 2-5). Plaintiff has submitted a copy of the contingency fee agreements he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 21, Exhs. 2, 3). Plaintiff has also submitted itemized billing sheets demonstrating that his attorney performed a total of 16.25 hours of work on the case in the District Court. (Doc. 21 at 7). Counsel for plaintiff notes that as plaintiff refused to sign over to counsel the fees previously awarded under the Equal Access to Justice Act (EAJA), it is not necessary to offset the § 406(b) fees with the EAJA fees awarded. As stated above, the Commissioner has not filed any opposition to the fee request.

Dividing the requested fee of $11,202.50 by the 16.25 hours counsel worked on this case before the Court produces a hypothetical hourly fee of $689.38. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that

---

[1] On remand, the ALJ found plaintiff disabled since February 19, 2008, and the Social Security Administration withheld $20,802.50 for attorney fees – 25% of plaintiff's past due benefits. *See* Doc. 21 at 2.

3

> social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The *Hayes* "floor" in this case is $5,525.00, which represents 16.25 hours times an hourly rate of $170.00 multiplied by 2.[2] Plaintiff's request for $11,202.50 is over twice the *Hayes* floor. In acknowledgment of this, plaintiff asserts that the fee is nevertheless reasonable in consideration of the *Gisbrecht*, *Rodriquez*, and *Hayes* factors. Plaintiff contends that the character of counsel's representation was very good as demonstrated by the District Court's reversal and remand to the Commissioner and the Commissioner's subsequent determination that plaintiff is entitled to disability benefits. (Doc. 21 at 3). Plaintiff further represents that this award would not result in a windfall for counsel in light of the outcome before the Court and on remand and in consideration of counsel's extensive Social Security legal experience. (*Id.* at 3-4). Plaintiff emphasizes that the Sixth Circuit held that the *Hayes* "floor" was exactly that – a floor – and awards exceeding the floor may still be reasonable. (*Id.* at 4).

Plaintiff also cites to several cases where District Courts have allowed similar awards. (*Id.* at 4-5). Most notable is *Bocook v. Astrue*, No. 3:08-cv-309, 2013 WL 992515 (S.D. Ohio Mar. 13, 2013), where the District Court rejected a Report and Recommendation to lower the requested 406(b) fees and held that an hourly rate of $553.46 did not constitute a windfall to counsel. *Id.* at *2-3. The *Bocook* court reiterated that "there is a rebuttable presumption that a

---

[2]Counsel for plaintiff does not provide their specific hourly rate for non-contingency fee cases. Therefore, the Court adopts the hourly rate of $170.00 as determined by the Court in relation to counsel's EAJA fee petition. *See* Doc. 19 at 5, *aff'd*, Doc. 20.

4

25% contingent fee agreement is reasonable." *Id*. at *2 (citing *Rodriquez*, 865 F.2d at 746). The court adopted the approach countenanced by the Sixth Circuit in *Royzer* and stressed that the nature of contingency fee arrangements includes counsel's assumption of a significant risk of receiving no fee if unsuccessful. *Id*. at *2. In the absence of any evidence of improper attorney conduct, delay, or ineffective assistance of counsel, the court determined that the requested hourly fee, though more than three times the normal hourly rate, was reasonable and did not constitute a windfall. *Id*.

The undersigned finds the *Bocook* analysis persuasive and determines that although the requested fee in the instant case amounts to an hourly rate approximately four times that awarded in the EAJA fee petition, it does not constitute a windfall. In making this finding, the Court has considered plaintiff's contingency fee agreements, counsel's experience and significant success in this matter, and the lack of evidence of improper conduct, undue delay, or ineffective assistance of counsel. While this matter was not exceedingly complicated, counsel was required to expend more than minimal effort as demonstrated by counsel's success before this Court and in obtaining a finding of disability from the Commissioner on remand. Further, comparable hourly rates have been awarded in similar cases before this Court. *See, e.g., Wright v. Astrue*, No. 3:09-cv-115, 2012 WL 3023258 (S.D. Ohio July 24, 2012) (adopting Report and Recommendation for awarding contingency fee award with a computed hourly rate of $539.57); *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award for $11,745.98 with a computed hourly rate of $546.32); *Burney v. Astrue*, No. 3:07-cv-419, 2011 WL 1675264 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation for awarding contingency fee award of $15,360 where the computed hourly rate was $646.74); *Thacker v. Astrue*, No. 3:08-cv-135, 2011 WL 1660201 (S.D. Ohio May 3,

2011) (adopting Report and Recommendation for awarding contingency fee award of $13,650 with a computed hourly rate of $620.00).

The Court therefore **RECOMMENDS** that plaintiff's §406(b) motion for attorney fees be **GRANTED** and that counsel be **AWARDED** $11,202.50 in fees.

Date: 3/14/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL WAGNER,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-784
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).